UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE NUNNALLY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No._____ |
| v. ) | |
| ) | |
| BLITT & GAINES, P.C., ) | Jury Demanded |
| DISCOVER BANK, ) | |
| BARRISTER INVESTIGATIONS ) | |
| & FILING SERVICE, INC., and ) | |
| ERIC DANIEL, ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

Plaintiff, Maurice Nunnally, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Blitt & Gaines, P.C., Discover Bank, Barrister Investigations & Filing Service, Inc., and Eric Daniel. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*, and for abuse of process.

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 42 U.S.C. 1983, and 28 U.S.C. §§ 1331, 1337, and 1367, as Defendants do business in the State of Illinois and because a material portion of the events at issue occurred in this District.

2. Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendants' collection demands were received here, a material portion of the events at issue occurred in this District, and Defendants reside and transact business here.

## **PARTIES**

3.  Plaintiff, Maurice Nunnally ("Plaintiff"), is an individual and resident of Cook County, Illinois, and a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4.  Defendant, Blitt & Gaines, P.C. ("Blitt") is a law firm that regularly collects defaulted consumer debts by mail, telephone and via filing lawsuits, and is thus a "debt collector" as that term is understood in the FDCPA, § 1692a(6).

5.  Blitt maintains a website (www.blittandgaines.com/firm_profile) which states: "Blitt & Gaines, P.C. a full service collections law firm established in 1991. We are devoted to providing our clients with a high level of client service in the areas of retail and commercial debt collection and bankruptcy throughout Illinois, Indiana and Wisconsin. Blitt and Gaines is committed to employing as many trained and experienced staff members necessary to meet the needs of our clients. **Blitt and Gaines, P.C.** represents clients ranging in size from large, national finance companies to small, local retail stores in the following areas: **Collections:** Blitt and Gaines, P.C. diligently pursues the collection of past due retail and commercial account balances. In addition to claims placed for litigation, our collections department handles pre-litigation collections and offers in-house skip tracing."

6.  Discover Bank ("Discover") is a national bank authorized to do business in Illinois, which does business in Illinois.

7.  Defendant Barrister Investigations & Filing, Inc., ("Barrister") is a detective agency that also acts debt collector as defined by the FDCPA, 15 U.S.C § 1692a(6), and is located in and does business within this District.

8. Defendant, Erik Daniel ("Daniel") is an agent and/or employee of Barrister working as a debt collector defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS COMMON TO ALL COUNTS

9. According to Discover, Plaintiff incurred a debt due to his use of a credit card to purchase goods and services for personal, family and/or household purposes. Plaintiff thus incurred a debt ("alleged debt") as that term is understood under § 1692a(5).

10. Due to financial difficulties, Plaintiff could not afford to pay the alleged debt, and it thereafter went into default.

11. Discover thereafter hired the law firm of Baker & Miller, P.C. ("Baker") to collect the alleged debt from the Plaintiff.

12. On or about May 5, 2011, Baker filed a complaint on behalf of Discover against Plaintiff to collect the alleged debt, in the Circuit Court of Cook County, First Municipal District, styled *DISCOVER BANK V. MAURICE NUNNALLY,* Case No. 11-M1-136694 ("State Action"). (Exhibit A, Small Claims Complaint).

13. Discover thereafter fired Baker, and hired Blitt to collect the alleged debt from Plaintiff.

14. On June 26, 2013, Blitt entered an Appearance in the State Action.

15. Blitt thereafter hired Barrister to support efforts to collect the alleged debt from Plaintiff.

16. Defendant Barrister has an Illinois Private Detective Agency License # 117-000883.

17. On or around September 5, 2013 Barrister, by and through Daniel, executed an Affidavit of Service ("Affidavit") in which he states under oath that he served Plaintiff personally with a copy of the Complaint and Alias Summons in the State Action. (Exhibit B, Affidavit).

18. Daniel's statements in the Affidavit, which were presented to the court by Blitt on behalf of Discover, were false as he never made personal service on Plaintiff. (Exhibit B, Affidavit)

19. The Affidavit states that Daniel served the Alias Summons and Complaint on Plaintiff personally at his residence on September 2, 2013 at 8:44am. (Exhibit B, Affidavit).

20. In truth and in fact, Daniel did not serve Plaintiff with process personally on September 2, 2013 at 8:44am at his residence, as Plaintiff was in Wisconsin during that time. (Exhibit C, Affidavits).

21. Rather, when Plaintiff returned from Wisconsin, he found posted and taped a copy of the Complaint and Alias Summons, filed in the State Action, on the front door of his residence. Upon information and belief, the Complaint and Alias Summons were posted to Plaintiff's door by Daniel.

22. Blitt filed the Affidavit with the Circuit Court of Cook County, Illinois, and Daniel posted the Complaint and Alias Summons on Plaintiff's front door, so that Plaintiff would be induced to believe that service was proper, even though it was not.

23. Plaintiff was distressed upon becoming aware of Defendants' false position that he was served with process, as he did not know how to proceed in the State Action.

24. Defendants conspired to deprive Plaintiff of equal protection of the law, namely to deprive him of his due process right to proper notice of the lawsuit.

25. Defendants did not personally serve Plaintiff on September 2, 2013 with a copy of an Alias Summons and the Complaint that was filed in the State Action

26. Daniel, on behalf of the other Defendants, made false statements in an attempt to enforce collection of a consumer debt.

27. Daniel and Barrister were not serving or attempting to serve legal process when they posted a copy of the Alias Summons and Complaint to Plaintiff, and when they filed an Affidavit containing materially false statements for the purpose and intent of collecting the alleged debt by obtaining a judgment against Plaintiff, without Plaintiff's knowledge.

28. Rather, Defendants posted a copy of the Alias Summons and Complaint, made false sworn written statements, and filed and presented said statements in court to induce Plaintiff to believe that service had been effected, and that personal jurisdiction had been obtained over Plaintiff—to deceptively induce Plaintiff to file an Appearance in the State Action so that Defendants could attempt to enforce and collect the alleged consumer debt from Plaintiff.

29. Plaintiff thereafter was forced to file a motion to quash service in the State Action, which was granted. (Exhibit D, Order granting Motion to Quash Service).

30. Despite the fact that service was quashed due to the State Court's finding that Plaintiff was never served, Defendants Blitt and Discover chose to **again** use Barrister and Daniel to attempt to serve Plaintiff with process.

31. On or around April 6, 2014, Barrister, by and through Daniel, executed a **second** false Affidavit of Service ("Affidavit") in which he states under oath that he served Plaintiff personally with a copy of the Complaint and Alias Summons in the State Action. (Exhibit E, Affidavit).

32. In the Affidavit, Daniel falsely claimed that he made personal service on Plaintiff. (Exhibit E, Affidavit)

33. The Affidavit states that Daniel served the Alias Summons and Complaint on Plaintiff personally at his residence in Matteson, Illinois on April 6, 2014 at 3:36 p.m. (Exhibit E, Affidavit).

34. In truth and in fact, Daniel did not serve Plaintiff with process personally on April 6, 2014 at 3:36 p.m., as Plaintiff was in Chicago—and not Matteson—at the time of purported service. (Exhibit F, Affidavits).

35. When Plaintiff returned from Chicago, he found taped and posted a copy of the Complaint and Alias Summons, filed in the State Action, on the front door of his residence. Upon information and belief, the Complaint and Alias Summons were posted by Daniel, as in the first instance.

36. On April 9, 2014, Blitt filed the Affidavit with the Circuit Court of Cook County, Illinois, so that Plaintiff would be induced to believe that service was proper, and that he would have to file an Appearance.

37. Plaintiff was again distressed upon becoming aware of Blitt's false position that he was served with process, as he knew that he would have to again file a motion to quash service in the State Action due to Defendants' misrepresentations.

38. On April 23, 2014, Plaintiff again filed a Motion to Quash Service in the State Action.

39. On July 8, 2014, the State Action Court granted Plaintiff's Motion to Quash Service after an evidentiary hearing was held, wherein Daniel falsely testified that he served Plaintiff. (Exhibit G, Order granting Motion to Quash Service).

40. By filing a second false Affidavit, Defendants again conspired to deprive Plaintiff of equal protection of the law, namely to deprive him of his due process right to proper notice of the lawsuit.

41. Daniel, on behalf of the other Defendants, made false statements in an attempt to enforce collection of a consumer debt.

42. Daniel, Barrister and Blitt were not serving or attempting to serve legal process when they posted the Alias Summons and Complaint on Plaintiff's residence door, and drafted, prepared and filed repeated Affidavits containing materially false statements for the purpose of collecting the alleged debt by inducing Plaintiff to believe that he was properly served so that he would be lead to believe that he would have to file an Appearance because of this "service".

43. Rather, Defendants posted the Alias Summons and Complaint to Plaintiff's residence door, made false sworn oral and written statements, and filed and presented said statements in court to induce Plaintiff to believe that service had been effected, and that personal jurisdiction had been obtained over Plaintiff—all in order to induce Plaintiff to file an Appearance in the State Action so Defendant could attempt to enforce and collect an alleged consumer debt from Plaintiff.

44. As a debt collector, Blitt may be held vicariously liable for Barrister and Daniel's collection activity. (See *Fox v. Citicorp Credit Services, Inc*., 15 F.3d 1507 (9th Circ. 1994); *Pollice v. National Tax Funding, L.P*., 225 F.3d 379 (3d Cir. 2000)).

45. Discover may be held vicariously liable for the actions of the other Defendants, as it directed, ratified and approved the actions taken by Defendants.

46. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-BLITT, BARRISTER, AND DANIEL**

47. Plaintiff realleges and incorporates paragraphs 1-46 into this count.

48. Defendants acted as debt collectors, as defined by the FDCPA, with respect to Plaintiff, they each attempted to collect a defaulted consumer debt via their respective actions, specifically described *supra*.

49. Defendants Barrister and Daniel regularly attempt to collect debts by assisting debt collection lawyers, like Blitt, in debt collection by, for example, filing false affidavits in connection with the collection of debts.

50. Under 15 U.S.C. § 1692a(6)(D), any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt is not included as a debt collector, but the language of § 1692a(6)(D) extends the exemption to a person ***only*** "while serving or attempting to serve legal process." See *Spiegel v. Judicial Attorney Servs., Inc*., 2011 WL 382809 (N.D. Ill. Feb.1 2011; *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2nd Cir. 1998); *Andrews v. S. Coast Legal Servs*.,

582 F. Supp. 2d 82 (D. Mass. 2008); and *Flamm v. Sarner & Assocs.*, P.C., 2002 U.S. Dist. LEXIS 22255 (E.D. Penn. 2002);

51. Defendants Barrister and Daniel were not serving or attempting to serve "legal process" but rather they deceptively posted the Complaint and Alias Summons to Plaintiff's residence door, which was not service of legal process. This fact, in addition to Defendants' act of drafting, preparation and filing of false affidavits of service, and providing false testimony, to aid in collection of the consumer debt against Plaintiff, was calculated to induce Plaintiff believe that he was properly served, and that he would thus be required to file an Appearance in the State Action.

52. Section 1692e of the FDCPA states in relevant part that a debt collector, "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and §1692e(13) prohibits the "false representation or implication that documents are legal process."

53. Defendants made false, deceptive and misleading representations in connection with the collection of a debt, in violation of Section 1692e, by means of the false Affidavits of Service they prepared, filed and communicated, and by means of the complaint and summons posted on Plaintiff's residence door, which falsely and deceptively was an attempt to induce Plaintiff that he was properly served, when in fact he was not.

54. Defendants violated section 1692e (13) of the FDCPA by posting a copy of the Alias Summons and Complaint filed in the State Action, which falsely implied that service had been obtained over Plaintiff and that the documents were "legal process."

55. Section 1692e(5) of the FDCPA proscribes the "threat to take any action that cannot legally be taken or that is not intended to be taken."

56. Defendants falsely threatened that Plaintiff was required to enter an Appearance in the State Action when they repeatedly posted the Complaint and Alias Summons on his residence door, which indicated that Plaintiff was required to file an Appearance when, in fact, he was not required by law to do so.

57. Plaintiff was damaged as a direct and proximate result of Defendants' conduct in that he incurred financial loss and lost time, and suffered, *inter alia*, emotional distress, worry, aggravation, anxiety, restlessness, nervousness, and inconvenience.

58. At all times relevant hereto, all actions taken by Barrister and Daniel as to Plaintiff were authorized, directed, and/or ratified by Blitt.

59. Blitt hired Barrister despite the fact that it was aware that over a hundred motions to quash have been filed and granted, within the last year in Cook County, based on service allegedly made by Barrister.

60. At all times herein mentioned, Defendants are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

61. Each of the Defendants had actual and/or constructive knowledge of the acts of the other Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

WHEREFORE, Plaintiff, Maurice Nunnally, asks that the Court enter judgment in their favor and against Defendants Blitt, Barrister, and Daniel, as follows:

    (A)    Statutory damages from each Defendant pursuant to the FDCPA, 15 U.S.C. §1692(k)(a)(2);

    (B)    Actual Damages pursuant to the FDCPA, 15 U.S.C. §1692(k)(a)(1) ;

    (C)    Reasonable attorney's fees and costs; and

    (D)    Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT II-ABUSE OF PROCESS—ALL DEFENDANTS

62.    Plaintiff realleges and incorporates paragraphs 1-61 into this Count.

63.    Defendants used legal process that was not proper in the regular prosecution of the proceedings—namely using false returns of service in court with existence of an ulterior purpose or wrongful motive—namely to enforce collection of a debt without proper notice and due process.

64.    Defendants' abuse of process caused damages to Plaintiff including financial loss, and Plaintiff suffered, *inter alia*, emotional distress, lost time, worry, aggravation, restlessness, anxiety, nervousness, and inconvenience.

WHEREFORE, Plaintiff, Maurice Nunnally, asks that the Court enter judgment in her favor and against Defendants Discover, Blitt, Barrister and Daniel, as follows:

    (A)    Actual damages;

    (B)    Punitive Damages;

    (C)    Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT III-VIOLATION OF ILLINOIS CONSUMER FRAUD ACT-DEFENDANTS DISCOVER, BARRISTER and DANIEL

65. Plaintiff realleges and incorporates paragraphs 1-64 into this Count.

66. 815 ILCS 505/1 et. seq, prohibits unfair and deceptive practices committed in the course of trade and commerce in Illinois.

67. Defendants Barrister and Daniel engaged in the course of trade and commerce when they were hired by Blitt and Discover to aid in collection efforts against Plaintiff, when they provided false Affidavits of Service against Plaintiff, and when they repeatedly posted copies of the Complaint and Alias Summons to induce Plaintiff to believe he was properly served at a time that no service had been obtained over Plaintiff.

68. Defendants Barrister and Daniel are engaged in the distribution of services that directly and indirectly affect the people of Illinois, namely services related to serving process.

69. Defendants Barrister and Daniel committed a deceptive act or practice when they provided false Affidavits of Service that misrepresented that Plaintiff was served personally with a copy of the alias summons and complaint in the State Action, and when they repeatedly mailed Plaintiff a copy of the complaint and summons to induce Plaintiff to believe she was properly served at a time that no service had been obtained over Plaintiff.

70. Discover directed, ratified and accepted the benefits of Blitt, Barrister and Daniel's actions.

71. Defendants committed a deceptive act or practice when Daniel, Barrister and Blitt falsely testified in serial Affidavits of Service that he served Plaintiff personally.

72. Defendants did not serve Plaintiff with process at any time to the date of filing of this Complaint.

73. Defendants intended that Plaintiff would rely on the deception, and intended that he would be led to believe that since a copy of the summons and complaint were posted on his residence door, that they had obtained jurisdiction against Plaintiff, and that he would have to file an Appearance in the State Action and participate in the proceedings.

74. Plaintiff suffered actual damages as a proximate result of Defendants' conduct in that Plaintiff incurred financial loss and lost time by having to draft motions to quash, incur expense to travel to the Daley Center and attend hearings to void the alleged service that Defendants alleged was had in the State Action.

75. Defendants' conduct also constituted an unfair practice.

76. Defendants' conduct offends public policy.

77. Defendants' practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the Constitution, statute and the common law.

78. Defendants' act of providing a false Affidavit of service offends the public policy of the constitutional guarantee of the due process right to notice and an opportunity to be heard.

79. Defendants' act of providing false testimony offends public policy as established by § 720 ILCS 5/32-2 Perjury statute.

80. Defendants' act of providing false testimony is immoral.

81. Defendants' act of providing false witness is unethical act by person who is an Illinois licensed private detective.

82. Defendants' act of sewer service is oppressive, unscrupulous and causes substantial injury to consumers.

83. Sewer service has long been recognized as harmful unlawful practice. See *Scarver v. Allen*, 457 F.2d 308, fn. 1 (7th Cir. 1972); *United States v. City of Philadelphia*, 644 F.2d 187 (3rd Cir. 1981); *Blouin v. Dembitz*, 489 F.2d 488 (2nd Cir. 1973); See *United States v. Wiseman*, 445 F.2d 792, 796 (2nd Cir.), cert. denied, 404 U.S. 967, 30 L. Ed. 2d 287, 92 S. Ct. 346 (1971); *United States v. Brand Jewelers, Inc.*, 318 F. Supp.1293 (S.D. N.Y. 1970).

84. At all times herein mentioned, Defendants, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

85. Each of the Defendants had actual and/or constructive knowledge of the acts of the other Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

WHEREFORE, Plaintiff, Maurice Nunnally, asks that the Court enter judgment in her favor and against Defendants Discover, Barrister, and Daniel, as follows:

(A)    Actual damages;

(B)    Punitive Damages;

(C)    Reasonable attorney's fees and costs; and

(D)    Any other relief that this Court deems appropriate

and just under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312-726-6160
fax 312-698-5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.